IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CR-35-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ANDREW MILLER JORDAN | ) | |

This matter is before the Court on the government's motion to for revocation of the release signed by Magistrate Judge James E. Gates. [DE 15]. A hearing was held before the undersigned on June 11, 2015, in Raleigh, North Carolina. For the reasons articulated in open court and the following reasons, the Court denies the government's motion.

On March 24, 2015, defendant, Andrew Miller Jordan, was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Following a detention hearing on May 28, 2015, Mr. Jordan was released on conditions set by Magistrate Judge Gates. [DE 14, 15]. Pursuant to 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge, the attorney for the government may file with the district court a motion for revocation of the order. The district court must conduct a *de novo* review of the decision by the magistrate judge. *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989). In doing so, the court must make an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. *See, e.g., United States v. Williams*, 753 F.2d 329, 333–34 (4th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, states that a defendant may be detained pending trial where the United States shows "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or

the community." 18 U.S.C. § 3142(e) and (f). The government must demonstrate by a preponderance of the evidence that defendant poses a flight risk, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996), or by clear and convincing evidence that the defendant poses a risk to the safety of any person or the community, 18 U.S.C. § 3142(f). The Bail Reform Act lists four factors courts must consider in determining whether the detention standard is met: (1) the nature of and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The government argues that it demonstrated by clear and convincing evidence that no condition or combination of conditions exists that would reasonably assure the safety of any person or the community. The government relies upon Mr. Jordan's record, his history of drug use, and allegations that the offense involved multiple firearms. After review of the magistrate judge's order, the transcript of the original detention hearing, the pretrial report prepared by the United States Probation Office, the instant motion and defendant's response, and the evidence and arguments presented in court, the Court finds that the conditions set forth by Magistrate Judge Gates will adequately assure the safety of any person and the community.

While being a felon in possession of a firearm is a serious offense, it is a status crime, not a crime involving active violence or harm to another. Accordingly, the nature and serious of the danger to any person or the community does not weigh heavily in favor of detention. Moreover, this is not a case involving application of the Armed Career Criminal Act, 18 U.S.C. § 922(e), thus the maximum punishment is 10 years in prison rather than life. Though the Court finds that weight of the evidence presented is strong and that Mr. Jordan's criminal record is serious, he has been in the community since the instant offense without incident. He is currently on state

2

probation, with which he is compliant. He has been obtaining treatment for drug addiction at the Oxford House, a residential, community-based drug treatment facility. The release conditions imposed by Magistrate Judge Gates are stringent—Mr. Jordan is to remain on electronic monitoring and house arrest, to live at the Oxford House, to submit to drug testing, and to be supervised by the U.S. Probation Office, among other conditions. He will be supervised not only by the U.S. Probation Office and by a North Carolina probation officer, but also subject to the self-imposed rules and regulations of the Oxford House, which prohibits drug use.

In sum, the Court finds that, given the stringent conditions imposed and the perfunctory presentation by the government, the government has failed to meet its burden to prove by clear and convincing evidence that there is no condition or combination of conditions that would ensure the safety of the community. Accordingly, after conducting a *de novo* review of the evidence, the Court denies the government's motion, affirms the decision of Magistrate Judge Gates and orders the defendant released on the same conditions previously imposed.

## CONCLUSION

For the foregoing reasons, the government's motion for revocation of the release order [DE 18] is DENIED and the decision of Magistrate Judge Gates [DE 15] is AFFIRMED. Defendant is ordered released on the conditions imposed in the order entered on May 28, 2015.

SO ORDERED, this 12 day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE